IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NUMBER:

INCARCERATED ENTERTAINMENT
, LLC., a Florida Limited Liability
Corporation, and EFRAIM DIVEROLI,
an individual,

      Plaintiffs,

v.

MATTHEW BEVAN COX,
an individual,

      Defendant.
_____/

# COMPLAINT

Plaintiffs Incarcerated Entertainment, LLC., ("IE") and Efraim Diveroli ("DIVEROLI"), by and through undersigned counsel, sue the Defendant Matthew Bevans Cox ("COX"), and as grounds therefore, alleges as follows:

## JURISDICTION

1. This is an action for Declaratory Judgment pursuant to 28 U.S.C. § 2201.

2. This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright ownership).

3. Plaintiff IE is a Florida limited liability company.

4. Plaintiff, DIVEROLI, is a thirty-two-year-old entrepreneur and former international arms dealer, who resides in Miami-Dade County, Florida, and is otherwise *sui juris*.

5. Defendant COX is an inmate at the Federal Correctional Complex, Coleman in Sumter County, Florida, and is otherwise *sui juris*.

6. This Court has personal jurisdiction over COX pursuant to Section 48.193, Fla. Stat. (2018) and Rule 4(k)(1), Fed. R. Civ. P., as COX has engaged in substantial and not isolated activity in the State of Florida. Moreover, COX has purposefully availed himself of the jurisdiction of this Court by transacting business in the State of Florida, including the business conducted with Plaintiff described herein.

7. Venue is proper in this District of Florida pursuant to 28 U.S.C. § 1391(b). The parties entered into a written agreement, described below, in which they agreed that jurisdiction and venue were proper in this Court.

8. All conditions precedent to the filing of this action have been satisfied, excused, and/or waived.

9. Plaintiff has retained the Law Offices of Matthew Troccoli, P.A. to prosecute this matter and has obligated itself to pay a reasonable fee for counsel's service along with all associated costs.

## FACTS

10. DIVEROLI's sensational backstory is that of a twenty-one-year-old high school dropout whose company was awarded several hundred million dollars in arms and ammunition contracts by the United States government during the global war on terror.

11. COX is a convicted mortgage fraudster who owes over $5,000,000 in restitution to his victims. DIVEROLI and COX met while inmates at the Federal Correctional Complex located at Coleman, FL.

12. On April 8, 2013, DIVEROLI and COX executed a "WORK-FOR-HIRE CO-AUTHOR AGREEMENT" ("WFH Agreement"). A true, complete, and authentic copy of the WFH Agreement is attached as **Exhibit A**.

13. The object and purpose of the WFH Agreement was for COX to assist DIVEROLI in writing a full-length memoir of DIVEROLI as the subject and author and COX as the co-author for hire and to assign all ownership rights in the memoir and forthcoming copyright to DIVEROLI.

14. Paragraph 2 of the WFH Agreement clearly assigned the copyright for any work created under the WFH Agreement to DIVEROLI.

15. Consideration provided by DIVEROLI to COX for his work-for-hire services are outlined in paragraph 11 of the WFA Agreement.  DIVEROLI paid COX $500 and agreed to future payments of "ten percent (10%) of gross royalties actually received directly by Subject/Author or any business or corporation set up to receive income from the sale, license or disposition of the Work."  DIVEROLI also agreed to pay COX "[f]ive percent (5%) of gross royalties actually received directly by Subject/Author or any business or corporation set up to receive income from the sale, license or disposition of any derivatives and/or ancillary products developed from the Work."

16. In accordance with the WFH Agreement, a manuscript was completed and titled *"Once a Gun Runner"*.

17. On February 20, 2014, DIVEROLI registered *Once a Gun Runner* with the United States Copyright Office, which provided Registration Number TXu001911676.

18. On April 25, 2016, DIVEROLI submitted for recording with the United States Copyright Office a corrective copyright registration for *Once a Gun Runner*, which was filed to correct numerous errors and inadvertent omissions in the original Copyright registration. A true, complete, and authentic copy of the corrective copyright registration is attached as **Exhibit B**. The corrective copyright registration provides that COX transferred his rights in the copyright to DIVEROLI by written assignment.

19. On April 25, 2016, DIVEROLI assigned all rights, title, and interest in *the Once a Gun Runner* copyright and the works contained therein to IE. A true, complete, and authentic copy of the assignment is attached as **Exhibit C**. The assignment was also recorded with the United States Copyright Office on May 27, 2016.

20. Warner Bros. Pictures released the motion picture War Dogs in 2016, which was purportedly "based on" the story of DIVEROLI and his company, AEY, Inc.

21. IE published *Once a Gun Runner* and has sold approximately 1,100 copies as of May 1, 2018.

22. On multiple occasions, IE attempted to ascertain account information to pay COX his percentage of the gross proceeds from the sale of *Once a Gun Runner*. On each occasion he declined to provide payment instructions because he owes criminal restitution and does not want the money to be seized by the government.

23. In total, IE has lost tens of thousands of dollars on the book.

24. IE filed a lawsuit against Warner Bros. Pictures, alleging, inter alia, Lanham Act false advertising violations. The suit was filed in the United States District Court in the Middle District of Florida, case number 8:16-CV-1302-T-35UA(IGC).

25. After the case had been pending for over a year, COX sought to intervene on the basis that he is the legal copyright holder of DIVEROLI's memoir, *Once a Gun Runner*.

26. Before filing his Motion to Intervene, COX had never asserted ownership rights in the *Once a Gun Runner* copyright and had never made a request or demand for payment pursuant to the WFH Agreement.

27. On November 2, 2017, before the Court ruled on COX's Motion to Intervene, filed a Joint Stipulation of Dismissal with Prejudice.

28. IE and DIVEROLI recognize their obligation to compensate COX for 10% of the gross sales proceeds from the sales of *Once a Gun Runner* pursuant to the WFH Agreement.

## COUNT I- DECLARATORY JUDGMENT

29. Plaintiff re-alleges and re-incorporates paragraphs 1-28 as if stated fully herein.

30. This is an action for Declaratory Judgment pursuant to 28 U.S.C. § 2201, wherein Plaintiffs have a bona fide, actual, present, and practical need for a determination by this Court as to Plaintiff's rights and status with regards to the WFH Agreement, DIVEROLI's life rights, and the *Once a Gun Runner* manuscript and book.

31. According to his attempted intervention into IE's federal court lawsuit against Warner Bros. Pictures, COX claims some right(s) in the *Once a Gun Runner* copyright or, potentially, in Diveroli's life story.

32. Plaintiffs contend that IE owns all rights to DIVEROLI's life rights and life story and to *Once a Gun Runner*, including all rights in the copyright.:

WHEREFORE, Plaintiff respectfully requests that this Court take jurisdiction of this matter and the panties hereto and enter judgment declaring:

    a. The only controlling agreement between the parties is the April 8, 2013 Work-For-Hire Co-Author Agreement;

    b. That Defendant COX has no interest in Plaintiff DIVEROLI's life rights or life story;

    c. That IE is the sole copyright holder to the book, Once a Gun Runner;

    d. That IE has the sole and exclusive right to sell, license, and dispose of the book and any related or derivative products.

    e. That Defendant COX has no right to receive any compensation related to the book other than 10% of gross royalties actually received by DIVEROLI and/or IE from the sale, license, or disposition of the book and 5% of gross royalties actually

received by DIVEROLI and/or IE from the sale, license of disposition of any derivatives and/or ancillary products developed from the book.;

f. Make a determination as to what amounts may be owed to either Party;

g. Award all costs as are equitable and grant any other relief as might be necessary pursuant to 28 U.S.C. § 2202.

Filed this 17th Day of May, 2018.

    Respectfully Submitted,

    Law Offices of Matthew Troccoli, PA
    Attorney for the Plaintiffs
    2250 SW 3rd Ave., Ste. 205
    Miami, FL 33129
    Tel.: (786) 558-3850
    matthewtroccoliesq@gmail.com

    By:*/s/ Matthew Troccoli*
    Matthew J. Troccoli, Esq.
    FL Bar No.: 0063454