Matthew B. Cox
Register No. 40171-018
Federal Correctional Complex Coleman-Low
P.O. Box 1031
Coleman, Florida 33521

FILED by  PG  D.C.
JUN 2 5 2018
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

INCARCERATED ENTERTAINMENT, LLC,         No. 18-cv-21991 SCOLA
a Florida Limited Liability Corp.,
and Efraim Diveroli, an individual,

    Plaintiffs,

v.                                        DEFENDANT COX'S ANSWER

MATTHEW BEVAN COX, an individual,

    Defendant.
_____/

## DEFENDANT MATTHEW COX'S ANSWER TO PLAINTIFFS' COMPLAINT

In conjunction with this Answer, Defendant Matthew Cox ("Cox") has filed a counter-complaint against Plaintiffs Incarcerated Entertainment LLC, and Efraim Diveroli. Mr. Cox has asserted eleven counter-claims.

Having aggressively litigated what essentially amounts to two separate federal actions against Warner Bros. Pictures in the U.S. District Court for the Middle District of Florida (see Complaint (Dkt. 1) and Amended Complaint (Dkt. 78), <u>Incarcerated Entertainment v. Warner Bros. Pictures</u>, No. 8:16-cv-01302-MSS-AAS (M.D. Fla.)), plaintiffs, after vociferously objecting to Mr.

1.

Cox's attempts to intervene in the Middle District of Florida suit, have now initiated a separate lawsuit in the Southern District of Florida arising out of the same disputed conduct that Cox had attempted to litigate in the Middle District. This particular legal strategy is known formally as: chutzpah.

Plaintiffs desperately sought to keep Cox out of the Middle District of Florida lawsuit after he had notified the parties that he was in a position to arm Warner Bros. Pictures with evidence that it could use to show that the plaintiffs had improperly manufactured IE's fraudlent claim that Warner had stolen elements of Diveroli's story from the "Once A Gun Runner" manuscript by manipulating a Warner surrogate into taking possession of the mansucript so that IE and Diveroli could then allege the fraudulent claims against the Warner Defendants that IE had asserted in its Original Complaint.

IE agreed to dismiss the Middle District lawsuit after Warner agreed to settle the case before that court ruled on Mr. Cox's motion to intervene. In sum, IE successfully manipulated the Middle District case to keep Cox's fraud on the court allegations from being adjudicated in a forum competent to impose sanctions on IE for its intentional misconduct. Worse yet, IE now seeks to have this court declare valid the same purported contract that Cox -- in the Middle District of Florida matter -- had alleged was void for fraud and invalid under federal contract law.

For the purpose of filing an Answer to Plaintiffs' Complaint, Cox hereby answers the Complaint filed by Incarcerated Entertainment and Efraim Diveroli as follows:

GENERAL DENIAL: Except as otherwise stated herein, Cox denies (i) each and every allegation in the Complaint, including without limitation any

allegations contained in the heading or subheadings of the Complaint; and (ii) that Plaintiffs are entitled to any relief.

    1. Deny.

    2. Deny.

    3. Cox lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 3 of the Complaint and on that basis denies the allegation.

    4. Cox denies that Diveroli is a 32-year old entrepreneur; Cox wrote Diveroli's biography and the Gun Runner manuscript (from which the book is derived). Cox knows the truth (i.e., that Diveroli is a fraudster who was convicted for defrauding the United States Government in an international arms trafficking scam during wartime). Diveroli also formerly resided at the Coleman Federal Correctional Complex. The plaintiffs' allegation otherwise is denied.

    5. Cox admits only that he is an inmate at the Federal Correctional Complex in Coleman, Florida. The plaintiffs' allegation is otherwise denied.

    6. Deny.

    7. Deny. The purported written agreement, as claimed by Cox in his counter-complaint, is void for fraud and invalid under federal contract law.

    8. Deny.

    9. Cox lacks knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 9 and on that basis denies the allegations.

10. Cox denies that Diveroli's criminal activities were "sensational." Cox admits only that Diveroli is a convicted fraudster and an admitted liar. Cox admits that Diveroli was indicted by a federal grand jury in Miami with 84 counts of criminal fraud and conspiracy related to arms trafficking. *See* United States v. Diveroli, No. 1:08-cr-20574 (S.D. Fla.). Cox also admits that Diveroli ultimately pleaded guilty and accepted a four-year plea bargain.

11. Cox admits only that he was convicted of mortgage fraud, and that he and Diveroli met in federal prison. The plaintiffs' allegations otherwise are denied.

12. Cox admits only that an agreement was signed in federal prison while both Cox and Diveroli were serving their federal prison sentences.

13. Deny.

14. Deny.

15. Deny.

16. Deny.

17. Cox lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 17 and on that basis denies the allegation.

18. Cox lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and on that basis denies the allegation.

19. Cox lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and on that basis denies the allegation.

20. Deny.

21. Cox lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 21 and on that basis denies the allegation.

22. Cox lacks knowledge or information sufficient to form a belief as to whether IE made any attempt to ascertain his prisoner account information and on that basis denies the allegation contained in paragraph 22.  Cox also denies that he ever declined to provide his prisoner account information to DIveroli or Incarcerated Entertainment.  Cox admits only that Diveroli's business partner -- Ross Reback -- has placed money on Cox's prisoner account on numerous occasions for the purpose of reimbursing Cox the expenses he incurred in researching, writing, and editing the "Once A Gun Runner" manuscript (from which the book is derived).  The plaintiffs' remaining allegations contained in this paragraph are denied.

23. Cox lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 23 and on that basis denies the allegation.

24. Cox admits only that in November, 2016, IE alleged federal causes of action against Warner Bros' Pictures alleging violations of the Lanham Act (false advertising).

25. Cox denies that IE's case against Warner Bros. Pictures had been pending for one-year when he sought to intervene.  Cox admits only that he moved to intervene four months after IE had accused Warner Bros. Pictures of violating the Lanham Act (false advertising).

26. Deny.

27. Cox lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 and on that basis denies the allegation.

28. Cox lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 and on that basis denies the allegation.

### COUNT 1: DECLARATORY JUDGMENT

29. In response to paragraph 29, Cox repeats and realleges each and every response to paragraphs 1 through 28 as though set forth in full herein.

30. Deny.

31. Deny.

32. Deny.

WHEREFORE, Defendant Cox respectfully requests that the Court deny all relief sought by the plaintiffs; grant relief requested by My. Cox, including consequential, exemplary, and punitive damages. Further, Mr. Cox requests a trial by jury for all issues triable to a jury for whatever aspect of this action requires a jury trial. Finally, Mr. Cox requests the court award Cox such other and further relief as the court may deem just and equitable.

Dated: June 21, 2018

Respectfully submitted,

_____
Matthew B. Cox

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of June, 2018, I mailed a copy of the Defendant's Answer to Plaintiffs' Complaint in the U.S. Mail with postage fully prepaid thereon to the following:

**INCARCERATED ENTERTAINMENT, LLC**

c/o Matthew Troccoli, Esq.
  Law Offices of Matthew Troccoli, PA
  2250 SW 3rd Ave., Ste 303
  Miami, FL 33129

**EFRAIM DIVEROLI**

c/o Matthew Troccoli, Esq.
  Law Offices of Matthew Troccoli, PA
  2250 SW 3rd Ave., Ste. 303
  Miami, FL 33129

**WARNER BROS. PICTURES**

c/o John Rogovin
  Executive Vice President and General Counsel
  Warner Bros. Pictures
  Burbank, Calif., 91522

**ESTATE OF ROSS REBACK**

c/o Cynthia I. Rice, Esq.
  Attorney at Law
  1744 N. Belcher Rd., Ste 150
  Clearwater, FL 33765

Please note that I have delivered the foregoing Answer to the requisite Bureau of Prisons officer who is responsible for handling outgoing prisoner legal mail. I am doing so for the purpose of taking advantagce of the prisoner legal mail-box rule to ensure timely filing. I declare under penalty of perjury that the foregoing is true.

Matthew Cox
Register No. 40171-018

CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of June, 2018, I mailed a copy of the Defendant/Counter-Plaintiff's Counter-complaint and Separate Complaint in the U.S. mail with postage fully prepaid thereon to the following:

**INCARCERATED ENTERTAINMENT, LLC**

c/o Matthew Troccoli, Esq.
  Law Offices of Matthew Troccoli, PA
  2250 SW 3rd Ave., Ste 303
  Miami, FL 33129

**EFRAIM DIVEROLI**

c/o Matthew Troccoli
  Law Offices of Matthew Troccoli, PA
  2250 SW 3rd Ave., Ste 303
  Miami, FL 33129

**WARNER BROS. PICTURES**

c/o John Rogovin
  Executive Vice President and General Counsel
  Warner Bros. Pictures
  Burbank, Calif., 91522

**ESTATE OF ROSS REBACK**

c/o Cynthia I. Rice, Esq.
  Attorney at Law
  1744 N. Belcher Rd., Suite 150
  Clearwater, FL 33765

Please note that I have delivered the foregoing pleading to the requisite Bureau of Prisons officer who is responsible for handling outgoing prisoner legal mail. I am doing so for the purpose of taking advantage of the prisoner legal mail-box rule. I declare under penalty of perjury that the foregoing is true.

_____
Matthew Cox
Register No. 40171-018

FROM:
Matthew Cox 40171-018
Federal Correctional Complex - Low
P.O. Box 1031
Coleman, FL 33521

TO: Clerk of Court
U.S. District Court
for the Southern District of Florida
400 N. Miami Ave., Room 8N09
Miami, FL 33128-7716