United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Incarcerated Entertainment, LLC, and Efraim Diveroli, Plaintiff, <br><br> v. <br><br> Matthew Bevan Cox, Defendant/ Counter-Plaintiff <br><br> v. <br><br> Incarcerated Entertainment, LLC; Warner Bros. Pictures; Efraim Diveroli; and the Estate of Ross Reback, Counter-Defendants. | Civil Action No. 18-21991-Civ-Scola |

## Order on Counter-Defendant's Motion to Dismiss Counterclaim

This matter comes before the Court upon Counter-Defendant Warner Bros. Pictures' Motion Dismiss Defendant Matthew Bevan Cox's Counterclaim. Upon review of the record, the parties' briefs, and the relevant legal authorities, the Court **grants** the Defendants' motion. (**ECF No. 30**.)

## I.   Background

Plaintiff Efraim Diveroli was awarded several hundred million dollars in arms and ammunition contracts by the United States government during the war on terror. He was later convicted of fraud and served time in prison. During his time in prison, he met Defendant Cox and executed a work-for-hire co-author agreement. (Compl. at 2, ECF No. 1.) According to the agreement, Cox would assist Diveroli in writing a memoir of Diveroli's life. (*Id.* at ¶ 13.) Diveroli agreed to pay Cox 10% of gross royalties received by Cox for the book or any disposition of the work. (*Id.* at ¶ 15.)

On February 20, 2014, Diveroli registered his book, *Once a Gun Runner,* with the United States Copyright Office. He then assigned his rights in the book to Plaintiff Incarcerated Entertainment ("IE"). (*Id.* at ¶ 19.) IE has attemped to pay Cox his percentage of the gross proceeds for the sale of the book, but he has declined to provide payment instructions because he owes over $5 million in restitution to the government. (*Id.* at ¶ 22.) In 2016, Warner Bros. released the motion picture War Dogs, loosely based on the story of Diveroli and his associates. (*Id.* at ¶ 20.)

Following the release of the movie, IE sued Warner Bros. alleging copyright violations, conspiracy, and unfair competition. *See Incarcerated Entm't, LLC v. Warner Bros. Pictures,* No. 16-cv-1302-MSS0AAS (M.D. Fla.). After the lawsuit had been pending for almost a year, Cox sought to intervene, claiming that he was the rightful owner of the book and copyright. (*Id.* at ECF No. 106.) Before the district court could rule on the motion to intervene, IE and Warner Bros. settled the dispute and filed a joint stipulation of dismissal with prejudice. (*Id.* at ECF No. 143.) Cox filed two separate appeals related to that case. The first was dismissed as moot by the Eleventh Circuit and the second was voluntarily dismissed by Cox.

On November 14, 2017, IE and Diveroli filed a state court complaint against Cox for declaratory judgment regarding the parties' rights under the work-for-hire agreement. *See Incarcerated Entm't, et al. v. Cox,* No. 2017-026376-CA-01 (11th Jud. Cir. Miami-Dade County). The state court complaint was removed to the Southern District of Florida on January 1, 2018. *See Incarcerated Entm't, et al. v. Cox,* No. 18-20023 (S.D. Fla.) (Moreno, J.). Judge Moreno dismissed the complaint without prejudice as duplicative of two cases pending in the Middle District of Florida. (*Id.* at ECF No. 8.)

On December 27, 2017, Cox filed a lawsuit in the Middle District of Florida against IE, Diveroli, and Warner Bros. claiming ownership of IE's copyright. *See Cox v. Incarcerated Entm't, LLC, et al.,* No. 17-cv-3108-T-35JSS (M.D. Fla.). On May 16, 2018, the district court dismissed the lawsuit after Cox failed to timely serve the parties. (*Id.* at ECF No. 14.) Two days later, IE and Diveroli filed the instant lawsuit against Cox seeking declaratory judgment regarding IE's exclusive copyright to the book and its rights under the agreement between Diveroli and Cox. (ECF No. 1.)

Cox filed an answer and counterclaim against IE, Diveroli, and Warner Bros. alleging the same claims it had previously asserted in the two Middle District of Florida cases and the state court case. (ECF No. 27.)

Warner Bros. moved to dismiss on the ground that they are improperly joined by the counterclaim. (ECF No. 30.)

## II.  Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal

sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atlantic Corp*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### III.   Analysis

Count I of Cox's counterclaim is asserted against Warner Bros., IE, and Diveroli for civil conspiracy to defraud Cox. (ECF No. 27 at 52.) According to Cox's allegations, the Counter-Defendants entered into an agreement to deprive Cox of his interests in the Middle District of Florida lawsuit and settlement. (*Id.* at ¶ 191.) The Counter-Defendants entered a "secret agreement" where Warner Bros. paid IE to dismiss the case. (*Id.* at ¶ 192.) This prevented Cox from intervening and asserting his rights to the copyright. (*Id.* at 193.) As part of their "plan," IE also filed a state court complaint against Cox for declaratory judgment. (*Id.* at ¶ 192.)

Warner Bros. argues that Count I must be dismissed because the actions taken by Warner Bros., litigating, mediating, and settling the Middle District lawsuit, are protected by the First Amendment and the doctrine of litigation immunity. *See Atico Intern. USA, Inc. v. LUV N' Care, Ltd.,* No. 09-60397, 2009 WL 2589148, at *2 (S.D. Fla. Aug. 19, 2009) (Cohn, J.) (holding that the First Amendment provides immunity from liability for a party's "pre litigative and litigative activities."). Upon consideration, the Court agrees with Warner Bros.

"Florida's litigation privilege affords absolute immunity for acts occurring during the course of judicial proceedings." *Jackson v. Bellsouth Telecomm.*, 372 F. 3d 1250, 1274 (11th Cir. 2004). Because the "settlement negotiations [at issue] are inextricably linked to the process of guiding ongoing litigation to a close" they are protected by the litigation privilege. *Id.* at 1275. Moreover, Florida does not recognize "an independent cause of action for civil conspiracy; rather,

the plaintiff must allege an underlying illegal act or tort on which conspiracy is based." *Alhassid v. Bank of America, N.A.,* 60 F. Supp. 3d 1302, 1316 (S.D. Fla. 2014) (Bloom, J.). Here, Cox is unable to assert an underlying tort which could form the basis of the conspiracy claim against Warner Bros. (*See* ECF No. 27.) The underlying "wrong," according to Cox, is the settlement of the Middle District of Florida case. The settlement, however, occurred during the course of litigation and is protected under the litigation privilege. *See Jackson,* at 1276. Therefore, the Court dismisses Count I of Cox's Counterclaim.

The remaining counterclaims asserted against Warner Bros. are counts 16-19. However, these counts are asserted against Warner Bros. *only.* "Joinder of third parties under Rule 13(h) is permissible only to adjudicate a counterclaim. . . against an existing party. . . This means that a counterclaim . . . may not be directed solely against persons who are not already parties to the original action, but must involve at least one existing party." *See CreditMax Holdings, LLC v. Kass,* No. 11-81056, 2012 WL 12854879, at *2 (S.D. Fla. July 24, 2012) (Ryskamp, J.) (citations and quotations omitted). Of the remaining causes of action, not one of them asserts a claim against both the original plaintiffs and the new Counter-Defendant Warner Bros. (*See* ECF No. 27.) Therefore, Warner Bros., a "stranger" to this litigation, is improperly joined under Rule 13. *See Creditmax,* 2012 WL 12854879 at *1. Accordingly, the Court dismisses the Counterclaim as to Warner Bros.

## IV.    Conclusion

For the reasons stated above, the Court **grants** the Counter-Defendant Warner Bros.'s motion to dismiss (**ECF No. 30**). Count I is dismissed **with prejudice** and the remaining counts are dismissed as to Warner Bros. **without prejudice**.

Warner Bros.'s motions to stay discovery (**ECF Nos. 32, 33**) and objection to the Magistrate Judge's ruling on the motion to stay (**ECF No. 52**) are **denied** as moot.

**Done and ordered** in chambers, at Miami, Florida, on April 17, 2019.

Robert N. Scola, Jr.
United States District Judge